FILED

2009 Jun-24  AM 08:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **JUDY WHITE**, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-09-BE-655-S** |
| | ] | |
| **ALICE MARTIN, both personally and in her official, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### MEMORANDUM OPINION

This case comes before the court on the Defendants' "Motion To Substitute the United States of America as Sole Defendant and Dismiss Fictitious Defendant" (doc. 3) and the United States' "Motion to Dismiss or, Alternatively, for Summary Judgment" (doc. 5). The court ordered the Plaintiff to show cause why the Defendants' motions should not be granted. The Plaintiff responded to the show cause order (doc. 26). The court has reviewed the filings and the applicable law. For the reasons stated below, the court will GRANT the Defendants' motion to substitute (doc. 3). Further, the court will GRANT the United States' motion to dismiss (doc. 5). The court will DISMISS the Plaintiff's Complaint WITHOUT PREJUDICE for lack of subject matter jurisdiction. The court will enter a separate order to that effect simultaneously.

### I.    MOTION TO SUBSTITUTE

The Defendants seek to substitute the United States of America as the proper defendant to this suit. The Federal Tort Claims Act provides that a suit against the United States shall be the exclusive remedy for persons with tort claims resulting from the acts or omissions of federal

1

employees done within the scope of their office or employment.  28 U.S.C. § 2679(b)(1).

> Upon certification by the Attorney General that the defendant employee[s] [were] acting within the scope of [their] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Pursuant to 28 C.F.R. § 15.4(a), the "United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee[s] [were] acting within the scope of [their] office or employment with the Federal Government at the time of the incident out of which the suit arose."

The Plaintiff's Complaint arises out of the named Defendants' alleged misconduct in delaying to provide the Plaintiff with a release related to her title to real property in Homewood, Alabama. The Plaintiff owned the real property with her husband, Gary White, who at the time was being investigated pursuant to a federal criminal indictment, which involved the real property in Homewood. The court presiding of the criminal case subsequently dismissed the charges relating to the Homewood property as unfounded. The Plaintiff and her husband then placed the property on the market, because their mortgage was in default. A purchaser offered to buy the property subject to the acquisition of title insurance. To uncloud their title to the property, the Plaintiff had to obtain a release from the Office of the U.S. Attorney for the Northern District of Alabama, which had previously involved the property in Gary White's criminal indictment. The Plaintiff asserts that the Defendants' wrongfully delayed providing her with the required release, causing her to suffer harm.

Pursuant to 28 C.F.R. § 15.4(a), Alice Martin, the United States Attorney for the Northern District of Alabama, has certified that the Defendants' were acting within the scope of their office or employment with the Federal Government at the time of the incident out of which the suit arose (doc. 2). The Plaintiff asserts that wrongful acts and omissions, by their very nature, exceed the scope of the Defendants' employment with the United States.[1] The court disagrees.

The court finds that the Defendants were acting within the scope of their office or employment at the time of the incident out of which this case arose. The court understands that the Plaintiff is a "proud and patriotic American" and that she does not believe the *United States* has harmed her. As the Plaintiff states, however, "the United States does not commit torts – people do." The United States acts through people – its agents and employees. Congress has made clear that when people employed by the United States act within the scope of that employment in a wrongful manner and cause harm, the sole and exclusive remedy shall be against the United States itself. 28 U.S.C. § 2679(b)(1). The court concludes, therefore, that the proper Defendant is the United States, and the Defendants' motion to substitute is due to be granted.

## II.   MOTION TO DISMISS

The United States, as the proper Defendant, seeks to dismiss this case for lack of subject

---

[1] The Plaintiff also insinuates that the Defendants improperly removed this case to the United States District Court for the Northern District of Alabama to maliciously rob her of her selected forum and obtain a "forum friendly to them." The court does not take lightly the Plaintiff's accusations of impropriety, wrongdoing, and bias, against both the Defendants and this court. The Defendants properly removed this case pursuant to statutes enacted by the United States Congress. *See* 28 U.S.C. § 2679(d)(2). A review of the Federal Tort Claims Act would reveal to the Plaintiff that her case is properly before this court and that the United States, and *solely* the United States, is the proper Defendant, despite her own personal inclinations to the contrary.

matter jurisdiction. Pursuant to 28 U.S.C. § 2675(a), a claim brought against the United States under the Federal Tort Claims Act "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency and sent by certified or registered mail." As the Eleventh Circuit has noted, "[t]his requirement is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (citing *Employees Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)). "To satisfy the jurisdictional requirements '[t]here must be proof of timely written notice of the claim to the appropriate agency, which appears of record,' *Daws*, 599 F.2d at 1378 n.6, and the administrative claim must have been for a 'sum certain,' *Molinar v. United States*, 515 F.2d 246, 248-49 (5th Cir. 1975), or a 'dollar amount,' *Adams v. United States*, 615 F.2d 284, 292 n.15 (5th Cir. 1980)." *Lykins*, 725 F.2d at 647.

The Plaintiff has provided no evidence that she presented her claim to the appropriate federal agency before filing suit. Such evidence is necessary to establish jurisdiction in this court over the Plaintiff's claim. The Plaintiff bears the burden of establishing subject matter jurisdiction. The court determines, therefore, that subject matter jurisdiction is lacking in this case and that the United States' motion to dismiss should be granted.

## CONCLUSIONS

Pursuant to 28 U.S.C. § 2679(d)(2), the court will GRANT the Defendants' motion to substitute the United States as the proper Defendant in this suit. The court will ORDER the clerk of the court to remove the individual defendants from the docket sheet and substitute the United States as the sole defendant in this case.

The court also will GRANT the United States' motion to dismiss for lack of subject

4

matter jurisdiction. The court will DISMISS the Plaintiff's Complaint WITHOUT PREJUDICE to allow the Plaintiff to present her claims to the appropriate federal agency, as required by the Federal Tort Claims Act.[2]

DONE and ORDERED this 24th day of June, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[2] The court cautions the Plaintiff that the applicable statute of limitation is running. The Plaintiff may wish to seek legal counsel to ensure that her legal rights are adequately protected.